KIRKER–BENDER FIRE ESCAPE CO. v. CHICAGO BEACH HOTEL et al.

(Circuit Court of Appeals, Seventh Circuit.    May 6, 1902.)

No. 817.

1. PATENTS—INFRINGEMENT—FIRE ESCAPES.

The Logan patent, No. 615,999, for a fire escape, consisting of a central spirally twisted post or pillar, and a spirally twisted inclined way attached thereto, the whole preferably inclosed in an outer casing, in view of the prior art is not entitled to a broad construction, and is not infringed by a fire escape similarly constructed, but in which the inclined way is chiefly supported by being attached to the outer casing, and not by a central spirally twisted post, which is the essential feature of the invention of the patent.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Appeal from a decree finding noninfringement of Letters Patent No. 615,999, for a fire escape, granted to W. H. Logan, December 13, 1898.

The bill is to restrain infringement of Letters Patent No. 615,999, granted W. H. Logan, December 13, 1898, for certain new and useful improvements in fire escapes, duly assigned to appellants.

The drawings, specifications, and claims of the above Letters Patent are as follows:

"This invention relates to fire-escapes, its object being to provide a durable fire-escape which is simple and efficient in construction, may be produced at comparatively low cost, and be readily and easily repaired when necessary.

"Heretofore fire-escapes have been complex and expensive in their construction and not always simple and efficient in operation, and in places where the law is compulsory as to the erection of fire-escapes for buildings these facts have been objectionable to the persons affected. To avoid these objections and to provide an escape that will meet the requirements of the general public and enable persons of ordinary means to equip their houses with safety appliances are objects of my invention.

"The invention consists, broadly, of a spirally-twisted supporting post or pillar and a spirally-twisted inclined way secured to the post. Preferably a casing will inclose the escape.

"Referring to the drawings, Figure 1 shows a T-shaped post in cross-section, in perspective, one arm of the T forming the flange to which the way may be secured. Fig. 2 shows a post formed of an angle-iron, spirally twisted, to one member of which the spiral way is secured. Fig. 3 shows a spirally-twisted flat metal bar, which forms a post and to which the way is secured.

"b, Fig. 1, is a T-shaped post carrying the inclined way h, the long arm of the T forming the flange to which is riveted or bolted the way. When this three winged or webbed post is twisted spirally, it makes an immensely strong and rigid column or pillar, each wing supporting the other. Of course the way is spirally bent to coincide with the flange l, to which it is secured.

"c, Fig. 2, is an angle-iron, one side of which forms the flange m, to which is secured the inclined way and, like Fig. 1, is twisted spirally to coincide with the spiral of the inclined way, to which it is secured by means of rivets or bolts t.

"Fig. 3 is another modification, as a flat piece of iron, one edge being twisted around the other, also having the spiral inclined way attached and rigidly secured.

"It is not necessary for the purpose of this specification to describe the various places, location, and uses where this invention can be applied, as these are obvious to the user, as the device is capable of location inside or outside of the building and in several places in the same building with but little cost. Easy curves may be employed on the spiral way to break the too-rapid descent of the person descending, as circumstances may suggest.

"It is obvious that the invention may be made and modified to, suit location, and modifications may be made within wide scope without departing from the spirit thereof. I therefore do not wish to be confined to the exact construction shown and described, but consider myself entitled to all such modifications."

"1. The combination in a fire-escape of the central spirally-twisted post or pillar, and the spirally-twisted inclined way, secured together in the manner and for the purpose set forth.

"2. The combination in a fire-escape of the central spirally-twisted post, the spirally-twisted way, and the outer casing substantially as set forth."

The following drawings are exhibits of appellees' fire-escape, and will serve to show the structural features of this device:

The patent in suit relates to that character of fire-escapes which employs a vertical cylindrical casing, having a spiral inclined way or slide within, and in combination with the casing, with suitable means of ingress thereto at the different floors of the building to which the entire structure is attached, together with an egress opening, or a door, at the lower end of the inclined way or slide. The prior art shows that fire escapes of this nature were begun in 1863 and improved upon by subsequent patents—such as Letters Patent No. 258,247, granted P. A. Nicholson, May 23, 1882; No. 277,156, granted S. J. Pardessus, May 8, 1883; No. 318,086, granted C. Clark, May 19, 1885; No. 384,376, granted W. McMullin, June 12, 1888; No. 487,418, granted Kirker and Bender, December 6, 1892; and No. 506,238, granted Kirker alone, October 10, 1893.

Upon hearing, the Court below found for the appellees, and entered a decree dismissing the bill for want of equity; from which decree this appeal is prosecuted.

Taylor E. Brown, for appellants.

Wm. H. Dyrenforth, for appellees.

Before JENKINS and GROSSCUP, Circuit Judges.

After stating the facts in the case, as above, GROSSCUP, Circuit Judge, delivered the opinion of the Court as follows:

The patents issued to Pardessus and Clark are similar to, and admittedly in anticipation of, the one in suit, except that they employ a solid interior post; the Kirker & Bender patent substituted a standpipe for the post, and encircled it with a sleeve, to which was fastened the inside edge of the plate; while that of Kirker used a standpipe also, but slipped it over a sleeve, which was itself an integral part of the plate.

The new feature of the patent in suit is the substitution of a central spirally-twisted column, pillar or post, either in the form of a tee or of an angle, or of a flat metal bar, twisted radially to conform to the necessary inside structural lines. When a T-shaped spiral post is used one arm of the tee or plate forms the flange to which the plate is secured; when an angle shaped spirally twisted post is used, the plate is secured to one member of the angle; and when the spirally twisted metal bar is used the plate is fastened thereto.

In the prior patents, employing the old form of posts, the plate conformed to the post; under the patent in suit, the post conforms to the plate.

It is obvious that the employment of the spirally twisted post imports to the structure, as a whole, added strength, since each wing of the structure serves as a support to the other against sagging, when bearing a load.

The fire escape of the appellees consists of a sheet metal tower provided with an ingress opening at each landing of the building, adjacent to which the structure is constructed, and an egress opening near its base; it contains a spiral chute fastened along its outer spiral edge to the inner wall of the tower. It has, in our judgment, no central post, in the true sense of the word "post", both as defined in The Century Dictionary—"A piece of timber, metal (solid or built up), or other solid substance, of considerable size, set upright, and intended as a support to a weight or structure resting upon it, or as a firm point of attachment for something,"—or as ordinarily

understood in the mechanic arts. It employs along its inner edge a U shaped strip of steel, which acts as a binder along the inside edges of the plates. It doubtless gives some support, as a binder; but cannot be said to furnish support to the structure, as a base of strength. It may, in this respect, be compared to the key of the arch, as distinguished from the foundation stone.

In view of the fact that this art has been so fully developed, before the issuance of the patent in suit; and that the patent in suit rests upon a detail only, we cannot give to it such scope as would include appellees' device. We must assume that appellants meant, in the use of the word "post", a support, as well as a binder, and, in that respect, the appellees' device is differentiated.

The decree of the Circuit Court will be

Affirmed.